John L. Flynn, J.
Defendant moves to dismiss the separation action pursuant to rule 3211 (subd. [a], par. 7) of the Civil Practice Law and Buies on the ground that the complaint fails to state a cause of action. The claimed legal insufficiency is predicated upon the fact that the complaint indicates that the parties have not separated and continue to reside in the same apartment. In the circumstances, and under the case law in this Department it would be “ contrary to public policy and incongruous to permit a judicial separation of parties who have not physically separated themselves ” (Baker v. Baker, 16 A D 2d 409, 410; Berman v. Berman, 277 App. Div. 560; Sommer v. Sommer, 285 App. Div. 809). Defendant’s contention would be valid were it not for the recent statutory changes in matrimonial actions and proceedings. Section 236 of the Domestic *245 Relations Law now provides for the granting of temporary and permanent alimony in a separation action ‘ ‘ notwithstanding that the parties continue to reside in the same abode ”. Implicit in such statute is the conclusion that a judicial separation may be decreed even if the parties have not separated themselves. Accordingly, the motion is denied.