NANETTE ROSS, Respondent, *v.* HOWARD ROSS, Appellant.

First Department, November 18, 1965.

*Sidney Rothenberg* of counsel (*Rothenberg & Atkins,* attorneys), for appellant.

*Joseph E. Brill* of counsel (*Robert E. Goldman* with him on the brief; *Brower Brill & Gangel,* attorneys), for respondent.

*Per Curiam.* On the basis of conflicting and for the most part conclusory, unsubstantiated, affidavits submitted on a motion for temporary alimony in an action for separation, Special Term directed the husband to pay the wife $500 per week *pendente lite.* The order further awarded the wife exclusive possession of the marital home and directed additional support payments for school and Summer camp tuitions. No provision had been asked and none was made for counsel fees.

Although little in the opposing affidavits can safely be described as uncontroverted, they do suggest the following material facts:

The parties have been married approximately 15 years and have two minor children. According to the wife, the husband confessed to being "more than a millionaire." She puts his income at a substantial but unspecified amount in excess of $50,000 per annum. The husband, in turn, claims that his income is under $33,000 per year and that he has so depleted his reserves because of his wife's extravagance, that they are now less than his wife's assets. The parties do appear to have lived and still to be living on a scale which accords more closely with the wife's conclusory allegations than the husband's. However the husband further claims — and the wife does not meaningfully refute — that he has continued to the motion date to pay her a basic household allowance of $450 per week, as well as other supplementary amounts, and that the wife has substantial assets of her own. Moreover, it is conceded, and the motion indicates, that the parties on the motion date were still living in the same apartment, although allegedly occupying separate rooms. The husband, therefore, correctly enough denominates the motion as one seeking to have him evicted from his home. The affidavits are further replete with mutual cross-recriminations as to mistreatment, physical, verbal and otherwise.

In *Baker* v. *Baker* (16 A D 2d 409) this court, on virtually indistinguishable facts, held that absent extraordinary circumstances, the lack of physical separation was a bar to a similar award of temporary alimony. Section 236 of the Domestic Relations Law, enacted subsequently, provides that an order awarding temporary alimony " may be made notwithstanding that the parties continue to reside in the same abode ". While this legislative declaration may be taken as somewhat softening the rule in the *Baker* case,* it by no means impairs the validity of the reasoning underlying that rule, which, in any event, was never stated as being absolute without qualification (cf. *Okun* v. *Okun,* 41 Misc 2d 244). The effect of the statute is certainly that a complaint is no longer dismissible under the rule in the *Baker* case; but the effect is not to overrule all the factors mentioned in the *Baker* case as influential in determining the court's discretion. As was said in that case, it is not every discord or even substantial wrong committed by a spouse which inevitably results in judicial intervention in the marriage relationship. Whether or not the parties continue living together, particularly where the wife has substantial resources of her own, is a sig-

---

* The court recognized, in the *Baker* case, that the rule was by no means universally followed (16 A D 2d 409, 412). See, also, Civil Suit For Support. Ann. 10 ALR 2d 466, 523–526.

nificant datum in determining if the marital discord has become so intolerable as to warrant or necessitate such intervention. Moreover, section 236 of the Domestic Relations Law, rather than denying, expressly provides for the exercise of the discretionary power of the court.

It may also be observed that the ready availability, upon motion, in these circumstances, of a remedy which includes the exclusion of a spouse from the marital home, would, in effect, provide a summary eviction device hardly contemplated by the statute (Domestic Relations Law, § 234; cf. *Rosenstiel* v. *Rosenstiel*, 20 A D 2d 71).

The *Baker* case is also apposite insofar as the husband here, by implicit admission of the wife, has been continuing to support her at essentially the same level as directed by Special Term's order. This Court, after citing the many precedents in this Department, commented, in the *Baker* case, that " to invoke judicial sanctions where support has continued would convert the matrimonial action and its pretrial procedure into a regulatory device of the mode of living of married people " (p. 412).

The factual insufficiency of the papers of both parties, to which reference has already been made, serves still a further ground, if one were needed, for reversal of Special Term's order. As this Court has previously noted, it is essential, on an application such as the present one, that the wife express the prior standard of living in detail and with reference to source of funds. (*Hunter* v. *Hunter*, 10 A D 2d 291, 296.) The Court went on to state (p. 296) : " In further support of the application, the wife ought also show the factors, if any, which she may wish to urge in justifying an increase in that standard, and the amount of support to which she deems herself entitled. She must also show the extent of her knowledge, or lack of knowledge, of the husband's finances, and an analysis of her contentions as to his present or future ability to satisfy the standard. In addition, in the light of the rule expressed in *Phillips* v. *Phillips* (1 A D 2d 393), the wife should disclose her own financial position, for in some cases it may affect the award." This has not been done in the present case.

The husband's factual showing, on this motion, it should be noted, was no better than the wife's. The general principles discussed above require a reversal in all respects of the order appealed from. However, such reversal is without prejudice to renewal by the wife on a proper showing if the husband should discontinue or reduce support payments below the level referred to in the husband's affidavits. (See *Freid* v. *Freid*, 23 A D 2d 549, and cases cited.)

Accordingly, the order appealed from granting plaintiff's motion for temporary alimony and other relief should be reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements to either party, with leave to respondent to renew her motion for temporary alimony upon appellant's failure to continue support payments at their present level or upon other changed circumstances. Settle order.

BREITEL, J. P., VALENTE, EAGER and STALEY, JJ., concur; McNALLY, J., dissents and votes to affirm.

Order, entered on August 9, 1965, granting plaintiff's motion for temporary alimony and other relief, reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements to either party, with leave to respondent to renew her motion for temporary alimony upon appellant's failure to continue support payments at their present level or upon other changed circumstances. Settle order on notice.